NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0523n.06

No. 25-5296

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 06, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF TENNESSEE |
| ANTONIO MORGAN FELTUS, | ) | |
| | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |
| | ) | |

Before: MOORE, CLAY, and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.** Defendant-Appellant Antonio Feltus appeals his conviction for possessing a firearm as a convicted felon, arguing that the law is unconstitutional on its face and as applied to him. We AFFIRM.

## I. Background

In August 2023, during a traffic stop, Feltus told officers that his driver's license had been revoked and that he was on federal probation. Feltus gave consent for his vehicle to be searched, and when he exited the vehicle officers found a firearm in his back pocket.

Feltus was charged with one count of possession of a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and pleaded not guilty. Feltus filed a motion to dismiss the indictment, arguing that the Supreme Court's decision in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) rendered § 922(g)(1) unconstitutional both facially and as applied to him.

The district court denied Feltus's motion to dismiss, rejecting both challenges. Feltus then entered a guilty plea while reserving his right to appeal the district court's ruling on his motion to dismiss.

## II. Discussion

Feltus has brought facial and as-applied challenges to the constitutionality of § 922(g)(1). As an initial matter, Feltus acknowledges that this panel is bound to reject his facial challenge by our decision in *United States v. Williams*, 113 F.4th 637, 657 (6th Cir. 2024), which applied *Bruen* and held that § 922(g)(1) "is not susceptible to a facial challenge." Feltus raises the issue on appeal "to avoid potential procedural default should a future Supreme Court determination be in his favor." Appellant's Br. at 12. Accordingly, we reject Feltus's facial challenge.

Feltus's as-applied challenge fairs no better. *Williams* held that § 922(g)(1) "is constitutional as it applies to dangerous individuals." 113 F.4th at 662. The court thus left open the possibility of an as-applied challenge for defendants who are not dangerous. But the court made clear in *Williams* that, when a defendant challenges the constitutionality of § 922(g)(1) as applied to him, "the burden rests on [the defendant] to show he's not dangerous." *Id.* Here, Feltus makes no argument in favor of his non-dangerousness. *See United States v. Sandridge*, 385 F.3d 1032, 1035-36 (6th Cir. 2004) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.") (quoting *Popovich v. Cuyahoga County Court of Common Pleas*, 276 F.3d 808, 823 (6th Cir. 2002)). Rather, Feltus again appears to be advancing his argument that the statute is unconstitutional as applied to him "to avoid potential procedural default should a future Supreme Court determination be in his favor." Appellant's Br. at 12. In any event, the record provides ample support for the district court's conclusion that Feltus is dangerous, and thus that § 922(g)(1)

is constitutional as applied to him. *See, e.g.,* R. 25, PID 95 ("Defendant's prior criminal history is extensive and includes juvenile offenses of vandalism and theft of property and adult offenses of possession of marijuana, unlawful possession of a weapon, theft of property, strong-armed robbery, forgery, possession of a weapon with intent to go armed, tampering with evidence, identity theft, simple assault, possession of a controlled substance, contributing to the delinquency of a minor, aggravated burglary, extortion, unlawful possession of a weapon, evading arrest, various driving offenses, convicted felon in possession of a firearm, possession of cocaine with intent to distribute, and domestic assault.").

\*     \*     \*

For the reasons stated, we AFFIRM.